IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORY T. PERRY,
    Plaintiff,

vs.                                              Case No. 3:10cv281/MCR/EMT

WALTER McNEIL, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

        Plaintiff has filed a "Motion for Inclusion of Documents to the Record for Consideration of the Court," which the clerk construed as a motion for temporary restraining order (Doc. 30). He seeks an order enjoining Defendants from retaliating against him and submits several exhibits in support of the claims asserted in this civil rights lawsuit.

        Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.       There is a substantial likelihood that plaintiff will prevail on the merits;

    2.       There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    3.       The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.       The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant motion, Plaintiff states that Defendants are threatening him and retaliating against him for filing grievances, for example, by changing his job assignment from houseman to food service. He additionally states they are refusing to answer the grievances that he previously filed. As relief, he seeks an order enjoining Defendants from (1) beating, threatening, or harassing him, (2) ordering him to perform tasks that are likely to cause injury or exacerbate his existing injuries, and (3) confiscating his personal property and legal work.

In a separate order issued by this court on today's date, Plaintiff was directed to submit a third amended complaint because his second amended complaint failed to state a basis for liability as to the named Defendants. Because it has been determined that Plaintiff's complaint fails to state a constitutional claim, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief, namely, that there is a substantial likelihood he will prevail on the merits in this action. Therefore, the motion for a temporary restraining order should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for temporary restraining order (Doc. 30) be **DENIED**.

At Pensacola, Florida, this 10th day of December 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**